In the Matter of SAMUEL J. ORANGE, an Attorney.— The charges against the respondent, who is twenty-seven years of age, and who was admitted to the practice of the law in March, 1926, were (a) respondent parted with valuable consideration to one Louis Moses, a layman, as an inducement for procuring to be placed in respondent's hands, sundry demands and alleged causes of action at law for personal injuries and otherwise; (b) that respondent endeavored to thwart, impede and defeat the investigation conducted by Mr. Justice FABER, under the direction of this court, by instructing a witness who was subpœnaed to testify in said investigation, to testify falsely with regard to material matter then the subject of the investigation. The learned official referee has found that the charges were proved. It appears that respondent did pay said Moses, who is a well-known " ambulance chaser," substantial sums of money for procuring cases for him. The official referee has also found that in the investigation before Mr. Justice FABER respondent instructed a witness, named Collins, to testify

falsely. The official referee states that the evidence of respondent was not frank but shifty, and in certain respects false. He was called to testify before Mr. Justice FABER on June 5, 1928. He then testified that Moses did not bring a case called the Collins case to him; that he did not pay Moses for services in that case; that Collins was recommended to him, and that all that Moses did in the case was to investigate it; that Collins was recommended by the landlord of the house where he lived, whose name he could not then remember, and he testified positively that Moses did not go out and obtain a retainer. On June seventh respondent again appeared before Mr. Justice FABER and testified that the Collins case was recommended to him by a man named Epstein and that Moses had nothing to do with the case. This testimony was given by respondent despite repeated warnings that he tell the truth. On June eighteenth he admitted that Moses did bring the case to him, and that it was not recommended to him by Epstein. He came to tell the truth through the influence of the advice of his lawyer. Between June seventh, the second time that respondent denied that Moses brought the case to him, and June eighteenth, when he finally admitted the fact, Collins appeared as a witness before Mr. Justice FABER and testified that a man named Epstein had recommended the Collins case to respondent. This is the name which the respondent first gave as the individual who recommended the case to him. Collins then stated that it was the respondent who told him to say that Epstein had recommended the case. It is a fact that the case was procured by Moses and that Epstein had nothing to do with it. On the hearing before the official referee, respondent testified that he had not told Collins to say that Epstein brought the case. The official referee has found that respondent did tell Collins to testify falsely. It also appears that when respondent, pursuant to request, produced his files in certain cases, he had abstracted some papers from them. The official referee in considering the question of discipline, refers to the fact that respondent was a young and inexperienced man; that he has a weak character and for his own protection when called as a witness he took refuge in the only weapon of weakness — that is, falsehood; that respondent showed an inability to tell the truth when it was opposed to his self-interest; that the facts indicate a want of moral character essential to a practitioner at the bar; that although he recanted his false testimony as to how the case was procured, he again testified falsely at the final hearing before the official referee. If, at the time of the application of this respondent for admission to the bar, it had been disclosed that he was of weak character, and would lie when his self-interest required it; that he was lacking in moral character, he surely would not have been admitted to the bar. He is now before the court on a re-examination of his character and fitness. The record clearly shows that he is unfit to remain a member of the bar. Complete lack of essentials to the practice of the law is not palliated by youth and inexperience. The court concludes that respondent must be disbarred and his name stricken from the roll of attorneys. Present — Kapper, Hagarty, Seeger, Carswell and Scudder, JJ.